06-00073
USDCRI
Judge Lisi

MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 06-2651

UNITED STATES OF AMERICA,

Appellee,

v.

FERMIN ANTONIO MEDINA,

Defendant, Appellant.

---

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

---

JUDGMENT

Entered: October 3, 2007

Defendant Fermin Antonio Medina appeals from his 70-month, within-guidelines sentence for illegal reentry in violation of 8 U.S.C. § 1326(a) and (b). Because defendant clearly and knowingly waived his right to appeal that sentence and enforcing that waiver would not work a "miscarriage of justice," United States v. Teeter, 257 F.3d 14, 24-25 (1st Cir. 2001), we enforce the waiver and affirm the sentence.

A waiver of appellate rights is presumptively valid and enforceable if a "defendant enter[ed] into it knowingly and voluntarily." Id. at 25. To determine whether a waiver of appeal in a plea agreement was knowing and voluntary, we "look first to confirm that the written plea agreement signed by the defendant contains a clear statement elucidating the waiver and its scope," id. at 24, and then examine the transcript of the change-of-plea hearing "to ascertain whether the court's interrogation suffices to ensure that the defendant freely and intelligently agreed to waive h[is] right to appeal h[is] forthcoming sentence," id. Even if the waiver was knowing and voluntary, we may decline to enforce it

where necessary to avoid a "miscarriage of justice." Id. at 25.

Here, defendant appropriately concedes that the waiver was clear on its face and applicable here. Defendant does argue that the plea colloquy was insufficient, but that argument plainly fails. At both the change-of-plea hearing and the sentencing hearing, the court specifically and directly brought the appeal waiver to defendant's attention and explained how it applied to his situation, and defendant confirmed his understanding of that provision and the court's explanation. Cf. id. at 26-27 & 27 n.11 (finding appeal waiver insufficiently informed where the district court neither directed defendant's attention to the waiver provision of the plea agreement nor otherwise discussed that provision but, instead, affirmatively sought and obtained confirmation of defendant's understanding that she would have a right to appeal and then "exacerbated the problem" at sentencing by broadly assuring defendant that she had a right to appeal if she wished to do so).

Defendant further argues that, even if his appeal waiver was knowing and voluntary, enforcing it would work a miscarriage of justice because it would bar him from raising the sole issue he seeks to raise on appeal. That issue is whether the district court erred in refusing to reduce his sentence based on his "missed opportunity" to have his federal sentence for illegal reentry run concurrently with his state sentence for an unrelated drug offense, which had already been fully discharged by the time the federal charges were brought. See United States v. Saldana, 109 F.2d 100, 103 (1st Cir. 1997) (recognizing the possibility of a downward departure on that theory under some circumstances). Any error in that regard is not so glaring or egregious as to warrant overlooking defendant's clear and knowing waiver of appeal. See United States v. Miliano, 480 F.3d 605, 608 (1st Cir. 2007). Accordingly, the sentence is summarily affirmed. See 1st Cir. R. 27.0.

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ______________________________
Chief Deputy Clerk.

**Certified and Issued as Mandate under Fed. R. App. P. 41.**

**Richard Cushing Donovan, Clerk**

M [signature]
**Deputy Clerk**

**Date:** 10/26/07

[cc: Donald Lockhart, AUSA, David Keighley, Esq.]