UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| v. | ) | C.R. NO. 06-073ML |
| FERMIN ANTONIO MEDINA, Defendant | ) | |

**GOVERNMENT'S OBJECTION TO DEFENDANT'S MOTION FOR A LEVEL 4 REDUCTION UNDER U.S.S.G § 5K3.1**

Comes now the United States, by and through its undersigned attorneys, and hereby objects to Defendant's Motion for a Level 4 Reduction Under U.S.S.C. §5K3.1 for the reasons set forth in the accompanying memorandum.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, Eighth Floor
Providence, RI 02903
(401)709-5000
(401)709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2008, I electronically filed the within Government's Objection to Defendant's Motion for a Level 4 Reduction Under U.S.S.G. § 5K3.1 and supporting memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. A copy has been forwarded by regular mail to:

Fermin Antonio Medina
Reg. #05737-070
FCI Ray Brook
P.O. Box 9004
Ray Brook, New York 12977

/s/ Dulce Donovan
DULCE DONOVAN
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, Eighth Floor
Providence, RI 02903
(401)709-5000
(401)709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff | ) | |
| v. | ) | C.R. NO. 06-073ML |
| FERMIN ANTONIO MEDINA, Defendant | ) | |

**GOVERNMENT'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION FOR A LEVEL 4 REDUCTION UNDER U.S.S.G § 5K3.1**

## I. Introduction

Defendant Fermin Antonio Medina asks that the Court reduce his sentence pursuant to the "fast track" program authorized by U.S.S.G. § 5K3.1 Early Disposition Programs by agreeing to immediate deportation upon the completion of his sentence. (Def.'s Mot. ¶ 1, 4). U.S.S.G. § 5K3.1 states "[u]pon motion of the Government, the court may depart downward not more than 4 levels pursuant to an early disposition program authorized by the Attorney General of the United States and the United States Attorney for the district in which the court resides". U.S.S.G. § 5K3.1. The state of Rhode Island has not chosen to implement a "fast track" program, as is permitted under the statute. See U.S.S.G. § 5K3.1. Medina's request should be denied because no procedural basis exists for him to seek such relief. Moreover, the Court should not re-characterize Medina's request as an 18 U.S.C. § 2255 petition because to do so would be futile.

## II. Procedural History

On June 21, 2006, Medina was indicted in the United States District Court in Rhode Island charged with a violation of 8 U.S.C. § 1326 (a) & (b) for illegal entry after deportation. (Dkt # 14). On July 26, 2006 Medina signed a plea agreement stating in part: "Defendant understands that Defendant may have the right to file a direct appeal from the sentence imposed by the court. Defendant hereby waives his right to file a direct appeal, if the sentence imposed by the Court is within the guideline range determined by the Court or lower." (Defense Addendum 11,13). Medina entered his guilty plea on August 29,2006. (Dkt # 33). On November 17, 2006 he was sentenced to a 70-month prison term. (Appellee Br. 3). On November 28, 2006, despite his appellate waiver, Medina appealed his sentence to the First Circuit. (Dkt # 24). On October 3, 2007, the Court dismissed Medina's appeal, finding that Medina clearly and knowingly waived his right to appeal; thus enforcing the waiver and affirming his sentence, United States v. Medina, Cr. No. 06-2651 (1st Cir. Oct. 3, 2007).

## III. Argument

Medina cites no procedural vehicle which would allow the court to grant him the relief he seeks, and the government is aware of none. Medina's sentence does not appear to warrant adjustment pursuant to Federal Rule of Criminal Procedure 35 (a), allowing the court to correct a sentence containing a clear error within 7 days after sentencing, or 35(b), allowing the government to reduce a sentence in return for the defendant's substantial assistance. Fed. R. Crim. P.

35(a) & (b). Further, it does not appear that Medina is eligible to have his sentence reduced under 18 U.S.C. § 3742, which bars a defendant who entered into a plea agreement from appealing the sentence unless it was imposed in violation of law or as the result of an incorrect application of the sentencing guidelines. 18 U.S.C. § 3742.

Medina's only possible arguable basis for relief lies in a 28 U.S.C. § 2255 petition. A court may adjust a sentence pursuant to § 2255 when the sentence is found to be in violation of the Constitution or laws of the United States. However, Medina fails to demonstrate any constitutional violation as a result of Rhode Island's failure to implement a "fast track" program. See United States v. Melendez-Torres, 420 F.3d 45, 52-53 (1st Cir. 2005) (holding that state's lack of "fast track" program does not violate one's equal protection rights). However, if the Court elects to re-characterize Medina's motion as a § 2255 he is entitled to proper notification. See Castro v. United States, 124 S. Ct. 786, 788 (2003); Raineri v. United States, 233 F.3d 96, 100 (1st Cir. 2000). This ensures that Medina will have sufficient warning as to any restrictions on future § 2255 actions as well as the opportunity to be heard. Castro, 124 S. Ct. at 788; Raineri, 233 F.3d at 100.

The only possible relief for Medina in a § 2255 proceeding stems from the First Circuit's recent decision in United States v. Rodriguez, 2008 WL 2265898 (1st Cir. June 4, 2008). In Rodriguez, the circuit ruled on the issue of sentencing disparity between states that

have adopted the "fast track programs" and those that have not. Pursuant to recent Supreme Court holdings, the court found that sentencing judges were not barred from considering this disparity when sentencing a defendant. Rodriguez, 2008 WL 2265898 at *7; see Gall v. United States, 128 S. Ct. 586, 596-97 (2007) (holding that district court may take individualized factors into account along with sentencing guidelines); Kimbrough v. United States, 128 S. Ct. 558, 566 (2007) (holding that sentencing judge may depart from sentencing guidelines and take into account disparity of sentences for possession of crack and powder cocaine). However, the Rodriguez court explicitly stated that a district court's consideration of these factors does not entail any obligation to deviate from the established guidelines as long as the sentence complies with 18 U.S.C. § 3553. Rodriguez, 2008 WL 2265898 at *10; cf. United States v. Martin, 520 F.3d 87, 91 (1st Cir. 2008) (explaining that sentencing court with ability to deviate from sentencing guidelines is not required to do so).

Since Medina fails to demonstrate a constitutional violation, the Court should not re-characterize Medina's motion as a § 2255. See Melendez-Torres, 420 F.3d at 52-53. However, if the Court does re-characterize the motion, the holding in Rodriguez would not retroactively apply to Medina's sentence. See Schiro v. Summerlin, 542 U.S. 348, 351 (2005) (holding that new procedural rules may not be applied retroactively to cases not pending on direct review); Teague v. Lane, 489 U.S. 288, 309 (1989) (holding habeas corpus courts may only apply constitutional standards that were in place at time of

original action); Sepulvelda v. United States, 330 F.3d 55, 63 (1st Cir. 2003) (holding courts cannot apply procedural rules retroactively on collateral review). The decision in Rodriguez is procedural, as opposed to substantive, despite its implication of a constitutional rule and should not be applied retroactively. See 2008 WL 2265898 at *9 (finding that district court committed procedural error); see also Schiro, 542 U.S. at 353 (defining substantive rule as altering range of conduct or class of persons that law punishes); Sepulvelda, 330 F.3d at 55 (finding that rule in Apprendi v. New Jersey, 530 U.S. 466 (2000), making due process determination, was procedural). Rodriguez was decided after Medina's conviction and sentencing was final and should not be applied retroactively. See Schiro, 542 U.S. at 351; Teague, 489 U.S. at 308-09 (explaining that applying constitutional rules not in existence at time of original proceedings undermines the principle of finality).

## IV. Conclusion

For the foregoing reasons Medina's motion should be denied.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

/s/ Dulce Donovan
DULCE DONOVAN
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, Eighth Floor
Providence, RI 02903
(401)709-5000
(401)709-5017 (Fax)
Email: dulce.donovan@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of June, 2008, I electronically filed the within Government's Objection to Defendant's Motion for a Level 4 Reduction Under U.S.S.G. § 5K3.1 and supporting memorandum with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. A copy has been forwarded by regular mail to:

Fermin Antonio Medina
Reg. #05737-070
FCI Ray Brook
P.O. Box 9004
Ray Brook, New York 12977

/s/ Dulce Donovan
DULCE DONOVAN
Assistant United States Attorney
Chief, Civil Division
United States Attorney's Office
50 Kennedy Plaza, Eighth Floor
Providence, RI 02903
(401)709-5000
(401)709-5017 (Fax)
Email: dulce.donovan@usdoj.gov