UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| UNITES STATES OF AMERICA : | |
| : | |
| vs. : | CR No. 06-073-ML |
| : | |
| FERMIN ANTONIO MEDINA : | |
| a/k/a Guillermo Rodriguez : | |

MEMORANDUM AND ORDER

Fermin Antonio Medina has filed a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. For the reasons that follow, that motion is denied.

FACTUAL BACKGROUND AND TRAVEL

On March 3, 2000, Medina was removed from the United States based on a 1994 conviction for possession with intent to deliver heroin. Sometime thereafter, Medina re-entered this country without authorization, and in January 2002 he was arrested by state authorities on a new felony drug charge. He was convicted and sentenced in state court to 20 years imprisonment, 66 months to serve and the balance suspended, at the Adult Correctional Institution (ACI) in Cranston, Rhode Island. At or shortly after the time of his arrest, the Bureau of Immigration and Customs Enforcement (BICE) lodged an immigration detainer against Medina. Thereafter, on March 16, 2006, Medina was released from the ACI into the custody of BICE officials pursuant to that detainer.

Shortly thereafter, Medina was charged in this Court in a one-count indictment with illegal reentry after having been deported after a felony conviction, in violation of 8 U.S.C. §§ 1326(a) and (b)(1). The indictment listed the date of offense as March 16, 2006. Medina was initially represented by Federal Defender Kevin Fitzgerald; he was subsequently represented by Attorney Matthew Smith throughout all plea and sentencing proceedings in this Court.

On July 26, 2006, Medina entered into a plea agreement. Pursuant to the agreement, Medina agreed to plead guilty and the Government agreed to recommend a sentence at the low end of the guidelines and an offense level reduction for timely acceptance of responsibility. (Plea Agreement, ¶¶ 1, 2.) In addition, the plea agreement contained an appeal waiver provision, under which Medina waived his right to file a direct appeal if the sentence imposed by this Court was within or lower than the guideline range determined by the Court. (Id., ¶ 11.)

At the change of plea hearing on August 29, 2006 Medina agreed to the elements of the charge but, through counsel, disagreed that federal authorities first discovered his presence in the United States on March 16, 2006, claiming that an immigration detainer had been lodged against him several years earlier. (See Transcript of Change of Plea Hearing conducted on August 29, 2006 ["Plea Tr."] at 14-15.) After determining that Medina did not deny that he returned to the United States illegally, this Court accepted his plea. (Id. at 15.)

The Presentence Report (PSR) prepared by the U.S. Probation Office calculated a sentencing guideline range of 70 - 87 months incarceration, based on an offense level of 21 (including a three-level reduction for acceptance of responsibility) and a criminal history category of V.

At the sentencing hearing, Medina's counsel pressed two objections to the PSR: (1) that the date of his illegal reentry offense as listed in the indictment was inaccurate; and (2) that because his alleged offense date was arbitrarily determined, thus depriving Medina of the opportunity to serve his federal sentence concurrently with his state sentence, Medina was entitled to a reduction of sentence pursuant to § 5G1.3(c) of the Sentencing Guidelines. This Court sustained the first objection, finding that the offense date as listed was "somewhat contrived" given the dates of Medina's arrest and conviction for his state drug offense, but noted that this had no effect on

Medina's criminal history category, which remained at category V. (See Transcript of Sentencing Hearing conducted on November 17, 2006 ["Sent. Tr."] at 13-15.) As to the second objection, this Court found that USSG §5G1.3(c) was not applicable because there was no undischarged state prison term remaining, as required by that guideline. (Id. at 15.) After determining that no motion for a sentence below the guideline range had been filed, this Court sentenced Medina to 70 months imprisonment. (Id. at 22.)

Medina appealed, represented by different counsel, Attorney David Keighley. The First Circuit affirmed his conviction and sentence, based on Medina's clear and knowing waiver of his right to appeal, as set forth in his plea agreement. United States v. Medina, Dkt. No. 06-2651 (1st Cir. Oct. 3, 2007). Medina's petition for certiorari was denied by the U.S. Supreme Court on March 31, 2008.

In May 2008, Medina filed a motion for a 4-level reduction under United States Sentencing Guidelines § 5K3.1, arguing that he was not considered for participation in the fast-track program. This Court denied the motion on June 25, 2008, on the grounds that there was no procedural basis to grant the requested relief. (See Memorandum and Order, Doc. #44.)

Medina then timely filed the instant motion to vacate. His principal claims are that his counsel provided ineffective assistance by failing to obtain a reduction in his sentence based on either (1) the Government's delay in prosecuting him, or (2) the absence of a fast-track program in this District. The Government has filed a memorandum in support of its objection to the motion to vacate, and Medina has filed a Reply. This matter is ready for decision.[1]

---

[1] Medina requests an evidentiary hearing on his claims. However, no hearing is required in connection with any issues raised by his motion to vacate, because, as discussed infra, the files and records of this case conclusively establish that the claims in the motion to vacate are without merit. See

## DISCUSSION

A. <u>Ineffective Assistance Principles</u>

A defendant who claims that he was deprived of his Sixth Amendment right to effective assistance of counsel must demonstrate:

(1) That his counsel's performance fell below an objective standard of reasonableness; and

(2) [A] reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.

<u>Strickland v. Washington</u>, 466 U.S. 668, 687-88, 694 (1984). <u>See</u> <u>Cofske v. United States</u>, 290 F.3d 437, 441 (1st Cir. 2002).

In assessing the adequacy of counsel's performance, the Court looks to 'prevailing professional norms.' All that is required is a level of performance that falls within generally accepted boundaries of competence and provides reasonable assistance under the circumstances. <u>Ramirez v. United States</u>, 17 F.Supp.2d 63, 66 (D.R.I. 1998) (quoting <u>Scarpa v. Dubois</u>, 38 F.3d 1, 8 (1st Cir. 1994) and citing <u>Strickland</u>, 466 U.S. at 688). To satisfy the prejudice requirement under <u>Strickland</u>, a defendant must show a reasonable probability that, but for counsel's errors, the outcome of trial would have been different. <u>See</u> <u>United States v. Theodore</u>, 468 F.3d 52, 56 (1st Cir. 2006) (citing <u>Strickland</u>, 466 U.S. at 695).

B. <u>Pre-Indictment Delay and Lost Opportunity</u>

Medina first claims that during plea negotiations and sentencing his counsel was ineffective

---

<u>David v. United States</u>, 134 F.3d 470, 477 (1st Cir. 1998) (district court properly may forego any hearing "when (1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief. . . .") (internal quotations omitted). <u>See also</u> <u>Panzardi-Alvarez v. United States</u>, 879 F.2d 975, 985 n.8 (1st Cir. 1989) (no hearing required where district judge is thoroughly familiar with case).

in failing to seek a downward departure based on the Government's delay in charging and prosecuting him with illegal reentry until after he had completed his state sentence.[2] He asserts that as a result of this, he was deprived of an opportunity to obtain a sentence that would run concurrently with his state sentence pursuant to USSG § 5G1.3(c). (Motion to Vacate at 4-5; Reply at 2-4.)

As a threshold matter, this Court notes that Medina attempted unsuccessfully to raise this claim during his direct appeal. After concluding that the argument was precluded by the appeal waiver clause in his plea agreement, the Court of Appeals noted that any error in this Court's refusal to reduce his sentence based on a "missed opportunity" to have his federal sentence for illegal reentry run concurrently with his state sentence for an unrelated drug offense was not so "glaring or egregious" as to constitute a miscarriage of justice excusing Medina's appeal waiver. Medina, No. 06-2651, Judgment at *2. This would arguably preclude Medina from asserting this claim in this §2255 proceeding. See Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in any prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion").

Even if it may be asserted here, the claim in any event fails on the merits. First, counsel's failure to obtain a provision in the plea agreement recommending that this Court grant a downward departure based on "missed opportunity" did not constitute deficient performance. Counsel was under no duty to obtain such a term, and had he attempted, it is highly unlikely that the Government would have agreed to join in a request – or to refrain from opposing Medina's request – for a downward departure on the basis of time served on an unrelated offense. Moreover, as discussed infra, such a provision would have conflicted with §5G1.3(c), and this Court would in any event not

---

[2] As part of this claim, Medina contends that counsel also failed to preserve his right to argue this issue on appeal. This portion of the claim is addressed infra.

have been bound by it. See United States v. Mills, 329 F.3d 24, 28-29 (1st Cir. 2003) (noting approvingly district court's advising defendant that it was not bound by plea agreement in sentencing defendant). In addition, Medina stated at his change of plea agreement that he had reviewed his plea agreement with counsel and understood it. (Plea Tr. at 5.)

As to counsel's performance on this point at the plea or sentencing stage, Medina's claim is belied by the record. At the change of plea hearing, counsel noted Medina's disagreement with the date of his charged offense and pointed out that Medina had been in custody subject to an INS detainer for more than four years prior to being charged. (Plea Tr. at 14-15.) Counsel raised this issue in his objections to the PSR, and he successfully argued at sentencing that an additional criminal history point should not be assessed based on Medina's commission of the offense within two years after release from prison on his state offense. (Sent. Tr. at 8-11, 14-15.) The fact that counsel was also not successful in obtaining a reduced sentence does not mean he was ineffective. See United States v. Agramonte, 366 F.Supp.2d 83, 86 (D.D.C. 2005) (citing Strickland v. Washington, 466 U.S. 668, 699).

Finally, the downward departure that Medina seeks is simply not available to him under the circumstances of this case. Medina's counsel moved for an adjustment of Medina's sentence under USSG §5G1.3(c).[3] By its very terms, that provision applies to a situation where a defendant has an *undischarged* sentence pending. Medina's state sentence had been completely served at the time he

---

[3] At the time of Medina's sentencing, USSG §5G1.3(c) provided in pertinent part:

(c) (Policy Statement) In any other case *involving an undischarged term of imprisonment*, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.

(Emphasis added.)

was charged with the instant illegal re-entry offense, and thus USSG §5G1.3 is inapplicable to him.

The more pertinent guideline for purposes of Medina's claim is USSG §5K2.23.[4] See also Application Note 4 to §5G1.3 (referencing §5K2.23 in cases where prison term has been discharged). However, a downward departure under § 5K2.23 is available only if the completed term of imprisonment was for a related offense that was a basis for an increase in offense level of the instant offense. See United States v. Kornegay, 410 F.3d 89, 99 (1st Cir. 2005). Here, Medina's state drug offense was, as noted at the sentencing hearing, totally unrelated to his illegal reentry offense and did not increase his offense level. (Sent. Tr. at 8-9, 15.) Thus, because §5K2.23 was likewise not available to Medina, he suffered no prejudice from counsel's failure to obtain a departure under the guidelines based on his time previously served for his unrelated state offense. See Strickland, 466 U.S. at 692.

Additionally, the First Circuit has limited the availability of a downward departure based on a "missed opportunity" to have a federal sentence for illegal reentry run concurrently with a discharged state sentence for an unrelated offense, due to a delay in prosecution. Such a departure may be granted only where the prosecutorial delay is "extreme" or "sinister" or where there has been "deliberate tampering" to increase a sentence. United States v. Saldana, 109 F.3d 100, 104 (1st Cir. 1997). See also Kornegay, 410 F.3d at 98 (same). The burden of proving that the Government acted with bad faith in delaying the subsequent federal charges is on the defendant. See United States v.

---

[4] USSG § 5K2.23 provides:

A downward departure may be appropriate if the defendant (1) has completed serving a term of imprisonment; and (2) subsection (b) of § 5G1.3 (Imposition of a Sentence on a Defendant Subject to Undischarged Term of Imprisonment) would have provided an adjustment had that completed term of imprisonment been undischarged at the time of sentencing for the instant offense. Any such departure should be fashioned to achieve a reasonable punishment for the instant offense.

Rizzo, 121 F.3d 794, 801 (1st Cir. 1997) (defendant showed no facts entitling him to downward departure based on prosecutorial delay). In this matter, Medina has not provided any facts to suggest that the Government's delay was "extreme" or "sinister" or that the Government manipulated the timing of his prosecution.

Even if Medina had provided such facts, granting a downward departure in this instance is ultimately left to the discretion of the court. Kornegay, 410 F.3d at 98. Here, based on Medina's criminal history as set forth in the PSR-- which depicted Medina as a "one-man crime wave" (Sent. Tr. at 14) -- this Court would not have exercised its discretion to grant a downward departure based on prosecutorial delay.

In short, Medina's ineffective assistance claim, to the extent it is based on counsel's failure to obtain a reduction in sentence based on a delay in prosecution, fails.

C.  "Fast-track" Disparity

Medina further claims that his counsel was ineffective in failing to seek on his behalf a lesser sentence based on the disparity in availability of fast-track programs, given that there is no fast-track program in the District of Rhode Island.[5] (Motion to Vacate at 5-7.) Medina asserts that he saved the Government time and resources by quickly entering into a guilty plea and analogizes that to the expedited processes that govern fast-track cases.

At the time of Medina's sentencing, the law in this Circuit was that the sentencing disparities created by the availability of fast-track programs in some districts but not in others did not justify

---

[5] Fast-track programs were instituted in certain districts having numerous immigration-related prosecutions to allow for a reduced sentence in exchange for a prompt guilty plea and waiver of the right to appeal. See United States v. Rodriguez, 527 F.3d 221, 223 (1st Cir. 2008).

a downward departure in those districts that did not have a fast-track program. See e.g., United States v. Andujar-Arias, 507 F.3d 734 (1st Cir. 2007) (agreeing with other circuit courts that the lack of a fast-track does not mandate a downward departure based on a sentencing disparity).

In United States v. Rodriguez, 527 F.3d 221 (1st Cir. 2008), the Court of Appeals held that, in light of Supreme Court decisions in Gall v. United States, 552 U.S. 38 (2007) and Kimbrough v. United States, 552 U.S. 85 (2007), disparities in sentencing based on fast-track programs *could* be considered by a sentencing court within the overall ambit of 18 U.S.C. §3553(a). Medina argues that Rodriguez should be retroactively applied here, notwithstanding that his conviction was final when that decision was issued. In response, the Government contends that this case had no bearing on Medina's sentence because at the time of sentencing, Rodriguez had not yet been decided and it would have been impossible for Medina's counsel to predict that the Rodriguez holding would occur.

The Supreme Court has held that generally, new rules of criminal procedure are not retroactive to cases that are final when such rules are announced. Teague v. Lane, 489 U.S. 288, (1989); Tyler v. Cain, 533 U.S. 656, 665 (2001). In interpreting Teague, the First Circuit has noted that procedural errors that question the length of a sentence are "matters of degree and do not trump . . .the general rule of nonretroactivity." Sepulveda v. United States, 330 F.3d 55, 60 (1st Cir. 2003) (quoting Tyler, 533 U.S. at 665). There are two exceptions to this general bar: (1) new laws or rules that "prohibit criminal punishment for certain types of primary conduct" or that forbid "certain categories of punishments for particular categories of defendants," and (2) new "watershed rules of criminal procedure" that implicate fundamental fairness or accuracy of criminal proceedings. Id. at 59 (citing O'Dell v. Netherland, 521 U.S. 151, 157 (1997)).

The Teague bar against retroactivity applies to rules of procedure rather than to substantive rules. See id. at 59. The Court of Appeals has determined that the sentencing court's refusal to consider a fast-track disparity in connection with a variant sentence is a procedural error. Rodriguez at 231. Cf. United States v. Stone, 575 F.3d 83 (1st Cir. 2009) ("a district court makes a procedural error when it fails to recognize its discretion to vary from the guideline range based on a categorical policy disagreement with a guideline").

Because consideration of fast-track disparity implicates a rule of procedure, retroactive application of Rodriguez is barred by Teague's general rule, and neither of the Teague exceptions applies here. The holding in Rodriguez -- that court may consider fast-track disparity as a factor in fashioning a variant sentence -- clearly does not constitute a prohibition on criminal punishment for any primary conduct, nor is it a "watershed rule of criminal procedure."[6]

Finally, even if Rodriguez could be applied retroactively, that case would only give this Court the *option* to implement a downward departure. See Rodriguez, 527 F.3d at 231 ("although sentencing courts can consider items such as fast-track disparity, they *are not obligated to deviate from the guidelines based on those items.*") (emphasis added). Given its observation (noted above) of Medina's "one-man crime wave preceding the commission of this offense" (Sent. Tr. at 14), this Court would likewise not have exercised its discretion to grant a downward departure based on fast-track disparity.

---

[6] Medina's reliance on Oliver v. United States, 90 F.3d 177 (6th Cir. 1996), and other authorities cited (Reply at 5-6) is misplaced. In Oliver the court determined that retroactive application of a case concerning the reach of a sentencing guideline was not barred by previous case law. Id. at 178-79. The Court found the rule at issue – how the quantity of marijuana was to be calculated – not to be a "new constitutional rule of criminal procedure" and thus was not subject to the bar on retroactivity case. Id. at 179 and n.2. The Court nonetheless denied retroactive application of that rule because it involved a different offense. Id. at 179.

Because counsel would not have been successful in seeking a lesser sentence for Medina based on fast-track disparity, Medina's ineffective assistance claim on this basis likewise fails.

D. Waiver of Appeal

Throughout his motion papers, Medina complains of his counsel's failure to preserve the foregoing claims for appeal by agreeing to include a waiver-of-appeal provision in his plea agreement. (Motion to Vacate at 5; Reply at 3-4.) This claim requires little discussion. Medina expressly acknowledged and confirmed this provision at his change of plea hearing. (Plea Tr. at 8-9.) Moreover, that provision was upheld by the First Circuit on direct appeal, which found that Medina had entered into the waiver "knowingly and voluntarily." Medina, No. 06-2561, Judgment at *1 (quoting United States v. Teeter, 257 F.3d 14, 25 (1st Cir. 2001)). Thus, his ineffective assistance claim fails on this point as well.

This Court has considered all of Medina's remaining arguments and finds them to be without merit.[7]

## CONCLUSION

For the foregoing reasons, Medina's motion to vacate under § 2255 is hereby DENIED.

## RULING ON CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2255 Proceedings in the United States

---

[7] To the extent that Medina purports to claim ineffective assistance on the part of his appellate counsel, that claim is likewise denied. Medina has failed to make any substantive argument in support of this claim. See Cody v. United States, 249 F.3d 47, 53, n. 6 (1st Cir.2001)(ineffective assistance claim raised in a perfunctory manner in § 2255 proceeding deemed waived). Moreover, the foregoing discussion in any event establishes that appellate counsel could not have successfully argued for a reduced sentence on behalf of Medina.

District Courts ("§ 2255 Rules"), this Court hereby finds that this case is <u>not</u> appropriate for the issuance of a certificate of appealability (COA), because Medina has failed to make a substantial showing of the denial of a constitutional right as to any claim, as required by 28 U.S.C. §2253(c)(2).

Medina is advised that any motion to reconsider this ruling will not extend the time to file a notice of appeal in this matter. See § 2255 Rule 11(a).

SO ORDERED:                                              ENTER:

/s/ Mary M. Lisi                                         /s/ Barbara Barletta
Mary M. Lisi                                             Clerk
Chief United States District Judge

Date:  July 9, 2010